**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., ) | | |
| AS TRUSTEE OF THE JOE DICESARE ) | | |
| 2008 IRREVOCABLE LIFE ) | | |
| INSURANCE TRUST I AND AS ) | | |
| TRUSTEE OF THE JOE DICESARE ) | | |
| 2008 IRREVOCABLE LIFE ) | | |
| INSURANCE TRUST II, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | Case No. 10-cv-703-TCK-TLW | |
| ) | | |
| THE LINCOLN NATIONAL LIFE ) | | |
| INSURANCE COMPANY, a foreign ) | | |
| insurance corporation, ) | | |
| ) | | |
| Defendant. ) | | |

## OPINION AND ORDER

Before the Court is the Motion to Compel Production of Documents (dkt. # 87) filed by defendant The Lincoln National Life Insurance Company ("Lincoln"). Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a response (dkt. # 91), and defendant submitted, with the Court's permission, supplemental authority (dkt. # 95). Plaintiff was granted leave to file supplemental authority and declined to do so.

### Background

Lincoln issued two life insurance policies, insuring the life of Joe Dicesare, each in the amount of $10 million. The policies were purchased by two irrevocable trusts for which Wells Fargo is trustee. Erik R. Starkman, Assistant Vice President of Wells Fargo, signed the life insurance applications on behalf of Wells Fargo as trustee, as did Dicesare. The life insurance applications each contain the following statement:

> I HAVE READ, or have had read to me, the completed Application for Life Insurance before signing below. All statements and answers to this application are correctly recorded, and are full, complete and true to the best of my knowledge and belief.

(Dkt. # 40-2 at 16-17; # 40-4 at 15-16).

After Dicesare died in 2010, Lincoln conducted a "routine" contestability review and discovered what it alleges to be material misrepresentations of Dicesare's financial condition on the life insurance applications. Based on these alleged misrepresentations, Lincoln rescinded the policies and returned the premiums, plus interest. Erik R. Starkman, "as trustee of the Joe Dicesare 2008 Irrevocable Life Insurance Trust I and as Trustee of the Joe Dicesare 2008 Irrevocable Life Insurance Trust II," then filed a Petition against Lincoln in the District Court in Tulsa County, Oklahoma, alleging breach of contract and breach of the duty of good faith. (Dkt. # 2-2 at 1). Subsequently, an Amended Petition was filed in which the only meaningful change was the substitution of Wells Fargo for Erik R. Starkman as the plaintiff trustee of the trusts. (Dkt # 2-1). The Petition asserts that Lincoln should pay the full benefit under each policy, because even if the insurance applications contained misrepresentations, Lincoln would have discovered Dicesare's true financial condition had it followed its own underwriting guidelines and policies or had it conducted a reasonable investigation. (Dkt. # 2-1 at 4-5). Lincoln removed the case on November 2, 2010 and filed a Counterclaim. (Dkt. # 2). In its Counterclaim, Lincoln asserts that it is now entitled to a return of the premiums that it originally returned to the trusts, because Dicesare and Wells Fargo knowingly and intentionally made material misrepresentations in the policy applications.

## The Dispute

Lincoln's motion arises out of its effort to obtain, through two written document requests, copies of any Wells Fargo internal policies and/or procedures that relate to the manner in which

Wells Fargo's employees are to conduct themselves when opening a fiduciary account, when acting as a trustee, or when executing or reviewing loan documents or insurance applications.[1] In responding to Lincoln's discovery, Wells Fargo stated that it ". . . has no such guidelines, rules, and policies other than such as may be contained in the Trust Agreements, which have previously been produced to Defendant." Id. Wells Fargo asserted no objections to the two document requests, and it does not dispute that at least some of the requested documents exist and that it has possession, custody, or control over these documents. Rather, Wells Fargo claims that it is merely a nominal party to this lawsuit (i.e., that it is not a real party in interest), since it has no stake in the outcome. As a nominal party, Wells Fargo argues that it is not subject to discovery and that its discovery responses were issued solely on behalf of the real parties in interest: the trusts' beneficiaries and the trusts. Based on this reasoning, Wells Fargo takes the position that it does not have the requested documents.[2]

## Decision

Wells Fargo relies on the definition of "nominal defendant" as set forth in Okla. Dept. of Securities v. Blair, 231 P.3d 645 (Okla. 2010):

> A nominal defendant is a person who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." ... The paradigmatic nominal defendant is "a trustee, agent, or depositary ... [who is]

---

[1] Lincoln's written discovery requests asked Wells Fargo to produce all guidelines, rules and policies of Wells Fargo: (1) "concerning the opening of a fiduciary account and/or the responsibilities, duties or obligations as a trustee . . . from January 1, 2008, through the present"; and (2) "relating to the review and/or execution of loan documents or insurance applications (and documents related thereto) in the capacity of trustee . . . from January 1, 2008, through the present." (Dkt. # 87-1 at 4-5).

[2] It is worth noting that this dispute is strictly about the procedure by which Wells Fargo believes Lincoln should seek the requested documents. Wells Fargo suggests that Lincoln should issue a subpoena to Wells Fargo for the documents it seeks. (Dkt. # 87-2). Lincoln has done so, and Wells Fargo refused to produce the requested documents, asserting numerous objections. (Dkt. # 91).

> joined purely as a means of facilitating collection." Id. (internal quotations and citation omitted). As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest.
>
> . . .
>
> A usual nominal defendant is a bank or trustee, which has only a custodial claim to the property.

Id. at 657 (citing SEC v. Colello, 139 F.3d at 676 (9th Cir.1998)). In Colello and a host of other cases, the federal courts have consistently held that a "nominal defendant" need not be taken into account in determining subject matter jurisdiction. The Oklahoma Supreme Court addressed the same issue in Blair. 231 P.3d at 658. Here, Wells Fargo arguably has no legitimate claim to any recovery in this lawsuit, and it acted solely in its capacity as a trustee for the trusts. However, Wells Fargo is not a defendant, and the issue before the Court is not subject matter jurisdiction. Rather, the question is whether plaintiff Wells Fargo, as trustee for the trusts, is subject to discovery for purposes of the lawsuit that it filed.

Lincoln seeks to compel the production of documents, which it initially sought through Fed. R. Civ. P. 34 requests. Rule 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b). . .." Id. Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Thus, Rule 34 allows one party to seek document discovery from <u>any other party</u> so long as that discovery is relevant to a claim or defense. Wells Fargo asserted no objections to Lincoln's discovery requests, and it essentially concedes that at least some of the documents sought by Lincoln are discoverable. Furthermore, Rule 34 does not distinguish between "types" of parties, and it contains no exception which would allow a party to withhold relevant documents simply because the party is "nominal" or is not "a real party in interest."

4

Moreover, Wells Fargo is not a complete bystander in this lawsuit. As trustee, its Vice President signed both applications for the two life insurance policies, representing:

> I HAVE READ, or have had read to me, the completed Application for Life Insurance before signing below. All statements and answers to this application are correctly recorded, and are full, complete and true to the best of my knowledge and belief.

(Dkt. # 40-2 at 16-17; # 40-4 at 15-16). Lincoln's counterclaim alleges that the statements and answers in the applications were, in fact, not "full, complete and true" to the best of Wells Fargo's knowledge and that the applications actually contained material misrepresentations which were known by, or should have been known by, Wells Fargo. Lincoln's document requests go directly to this issue in seeking to discover any policies and/or procedures that may have dictated or guided the manner in which Wells Fargo acted as trustee or the manner in which it assisted in obtaining the insurance policies. Thus, Lincoln's document requests to Wells Fargo do not impose a burden on an uninvolved "nominal" party.

Finally, even if the Court ignores the plain language of Rules 26 and 34 and agrees that the documents sought by Lincoln are not within the possession, custody, or control of Wells Fargo "as trustee," the documents are admittedly within the possession of Wells Fargo the financial institution (both of which are admittedly one and the same). "Control comprehends not only possession but also the right, authority, or ability to obtain the documents. . .. Rule 34 performs the same salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third party source. 'Production of documents not in a party's possession is required if a party has the practical ability to obtain the documents from another, irrespective of legal entitlement to the documents.'" Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 516-17 (D. Kan. 2007) (citations omitted). "[C]ontrol in the context of

5

discovery is to be broadly construed. The critical inquiry is whether . . . there is access to the documents and ability to obtain the documents." New York v. Nat'l R.R. Passenger Corp., 223 F.R.D. 259, 268 (N.D.N.Y. 2006).[3] Allowing Wells Fargo to avoid Rule 34 discovery of documents relevant to this lawsuit and over which it has control would defeat one of the very purposes of Rule 34 of "creating access to documentation in an economical and expeditious fashion." Thus, even assuming that Wells Fargo Bank, as trustee, is a nominal party to this litigation, or that it is somehow a different party for purposes of this litigation than Wells Fargo the financial institution, the requested documents are certainly within its control and should be produced without requiring Lincoln to engage in the wasteful activity of issuing and serving a subpoena out of another federal district court.

For the foregoing reasons, Lincoln's Motion to Compel is GRANTED.[4] To the extent the requested documents contain confidential information, Wells Fargo may utilize the Stipulated Protective Order filed herein. (Dkt. # 58).

SO ORDERED this 4th day of August, 2011.

_____
T. Lane Wilson
United States Magistrate Judge

---

[3] See also Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn 1989).

[4] At the close of the hearing, Wells Fargo requested that it be allowed to re-assert the objections made by it in response to Lincoln's subpoena. When Wells Fargo responded to Lincoln's document requests, it asserted no objections; therefore, any objections to the two document requests at issue were waived. The Court denies Wells Fargo's request, except as to the attorney client privilege (since the Court does not believe Wells Fargo asserted its position in bad faith). The remainder of the documents sought (along with a complete privilege log) shall be provided within twenty-eight (28) days of the filing of this Opinion and Order.